UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MELVIN JEROME DAY,

        Petitioner,

v.                      Case No. 3:15-cv-882-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
        Respondents.

_____

## ORDER

    Petitioner Melvin Jerome Day, an inmate of the Florida penal system, initiated this action on July 14, 2015,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Day challenges a 2000 state court (Clay County, Florida) judgment of conviction for armed robbery. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss (Response; Doc. 12) with exhibits (Resp. Ex.). On October 16, 2015, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 5), admonishing Day regarding his obligations and giving Day a time frame in which to submit a reply. On September 26, 2016, Day

---

    [1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

replied. See Petitioner's Reply to the Secretary's Response (Reply; Doc. 13). This case is ripe for review.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Day has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On July 28, 1999, the State of Florida charged Day with armed robbery in Case No. 99-901-CF. See Resp. Ex. A at 8, Amended Information. In December 1999, Day proceeded to trial, see Resp. Ex. B, Transcript of the Jury Trial (Tr.), at the conclusion of which, on December 15, 1999, a jury found him guilty of robbery with a firearm, see Resp. Ex. A at 74, Verdict; Tr. at 282-83. On January 13, 2000, the court sentenced Day to a term of imprisonment of thirty years, with a fifteen-year minimum mandatory as a habitual violent felony offender, and a three-year minimum mandatory for use of a firearm. See Resp. Ex. A at 128-41; Resp. Ex. C, Transcript of the Sentencing Proceeding, at 336. On January 29, 2013, the trial court resentenced Day to a term of imprisonment of thirty years with a three-year minimum mandatory for use of a firearm. Resp. Ex. BB at 184-93.[2] The appellate court affirmed Day's conviction and sentence per curiam on March 10, 2014, see

---

[2] Prior to resentencing, Day filed post-conviction motions that need not be included in the procedural history for purposes of analyzing the one-year limitations issue.

Resp. Ex. GG, and the mandate issued on April 7, 2014, see Resp. Ex. HH.

Day's conviction became final on Monday, June 9, 2014 (90 days from March 10, 2014). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Day's conviction was after April 24, 1996, the effective date of the AEDPA, Day had one year from the date his conviction became final to file the federal petition. His Petition, filed on July 14, 2015, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On June 6, 2014, Day filed a pro se motion for mitigation of sentence. See Resp. Ex. II. The trial court denied the motion on June 19, 2014. See Resp. Ex. JJ. The one-year limitations period began to run the next day, June 20, 2014, and ran until it expired one year later on Saturday, June 20, 2015. Thus, Day should have filed a federal petition no later than Monday, June 22, 2015. Notably, Day filed a federal habeas petition in this Court on June 9, 2015. See Case No. 3:15-cv-698-J-34PDB. In that case, he challenged the same conviction and sentence, and raised the same

4

four grounds related to his resentencing.[3] On July 10, 2015, the Court granted his request to dismiss the action without prejudice, advised him that he may refile a new habeas corpus case after exhaustion in the state courts, and admonished him that he was not excused from compliance with the one-year statute of limitations. See Case No. 3:15-cv-698-J-34PDB, Order of Dismissal Without Prejudice (Doc. 8), filed July 10, 2015; Judgment (Doc. 9), filed July 13, 2015. On July 14, 2015, he filed an Amended Petition. The Clerk opened a new habeas corpus case and filed the Amended Petition as the operative Petition in the instant action.

Given the record, this Court opines that Day should pursue his claims in Case No. 3:15-cv-698-J-34PDB, in which he filed a timely petition. Therefore, the Court construes his argument in the Reply as a request to reopen Case No. 3:15-cv-698-J-34PDB, and will direct the Clerk to reopen Case No. 3:15-cv-698-J-34PDB, and file his Petition (Doc. 1) as the Amended Petition in that case.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  Respondents' request to dismiss the Petition as untimely filed (Doc. 12) is **DENIED.**

2.  Petitioner's request to reopen Case No. 3:15-cv-698-J-34PDB is **GRANTED.**

---

[3] In the instant case, Day added an additional claim that appears to be unrelated to his resentencing. See Petition at 10.

5

3. The Court directs the Clerk to **REOPEN** Case No. 3:15-cv-698-J-34PDB, and file the Petition (Doc. 1) as the Amended Petition in Case No. 3:15-cv-698-J-34PDB.

4. This case is **DISMISSED** without prejudice to Day's right to pursue his claims in Case No. 3:15-cv-698-J-34PDB.

5. The Clerk of Court shall enter judgment dismissing this case without prejudice.

6. If Day appeals the dismissal of the case, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

7. The Clerk of Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 4/6
c:
Melvin Jerome Day, FDOC #J13421
Counsel of Record